IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PERFORMANCE BUSINESS FORMS, INC., | : : : | Case No.: C 03 0931 |
| Plaintiff, | : : | Judge Campbell Magistrate Judge Brown |
| v. | : : | |
| THE REYNOLDS AND REYNOLDS COMPANY and REYNOLDS AND REYNOLDS HOLDINGS, INC., | : : : : | DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING USE OF CONSULTANTS |
| Defendants. | : | |

In preparation for trial, the defendants' counsel have consulted with trial consultants that will not be called to testify at trial. These consultants do not have any independent knowledge of the parties or issues in this case. The defendants anticipate that Performance might attempt to introduce evidence of this use of trial consultants in an effort to prejudice the jury and confuse the issues.

**I.  Evidence of Defendants' use of trial consultants must be excluded because it is not relevant.**

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 further provides that irrelevant evidence is not admissible. District courts have broad discretion to determine matters of relevance. *Black v. Ryder*, 15 F.3d 573 (6th Cir. 1994); *see also United States v. Johnson*, 282 F. Supp. 2d 808, 812 (W.D. Tenn. 2003).

In our case, evidence regarding defendants' counsel's use of trial consultants in connection with trial is not relevant – it does not have any tendency to make the existence of any

fact of consequence to the determination of the case more probable or less probable. Simply put, the evidence has no bearing whatsoever on the disputes between the parties. The claims and defenses of the parties in this case are unaffected by the use of trial consultants.

Because the evidence of defendants' use of trial consultants is not relevant, it is not admissible at trial. *FRE 402*. Thus, the Court should grant defendants' motion *in limine*.

**II.     Evidence of Defendants' use of trial consultants must be excluded because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.**

Even if defendants' use of trial consultants is deemed relevant, it must be excluded: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" *FRE 403; see also Hickory Specialties, Inc. v. Forest Flavors International, Inc.*, 26 F. Supp. 2d 1029, 1034 (M.D. Tenn. 1998). Furthermore, courts should exclude evidence that has an "undue tendency to suggest a decision on an improper basis." Fed. R. Evid. 403 Advs. Comm. Notes. It appears that the only purpose Performance would have in offering this evidence would be to prejudice and distract the jury from the actual issues before the Court. If the Court were to allow Performance to offer evidence regarding defendants' counsel's use of trial consultants, it is likely that the jury will be confused and misled, thereby prejudicing the defendants.

The danger of unfair prejudice to defendants substantially outweighs any probative value of the evidence. Thus, Performance should be precluded from offering evidence about the use of consultants pursuant to Federal Rule of Evidence 403.

**III.     Conclusion**

If the Court were to permit Performance to introduce evidence at trial regarding the use of trial consultants and other consultants, the evidence would not be relevant. It would waste time and confuse and mislead the jury and would be unfairly prejudicial to the defendants.

Parties should not be encouraged to offer evidence that will distract the fact-finder from the issues actually pending before the Court. Thus, Performance should not be permitted to present evidence about the use of consultants.

        Respectfully submitted,

/s/ Susan Grogan Faller
M. Clark Spoden
FROST BROWN TODD LLC
424 Church Street, Suite 1600
Nashville, Tennessee 37219
(615) 251-5550

Susan Grogan Faller
Matthew C. Blickensderfer
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800

Attorneys for the Defendants

OF COUNSEL:

Jeffrey L. Snow
Robert Smith
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

## CERTIFICATION OF SERVICE

I hereby certify that, on July 11, 2005, I electronically filed this Memorandum in Support of the Motion *in Limine* to Exclude Evidence Regarding Defendants' Use of Consultants using the CM/ECF system, which will send notification of this filing to counsel of record.

/s/ Matthew C. Blickensderfer

CinLibrary 0073604.0519583 1522585v.1

4