IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PERFORMANCE BUSINESS FORMS, INC., | : : : | Case No.: C 03 0931 |
| Plaintiff, | : : | Judge Campbell
Magistrate Judge Brown |
| v. | : : | |
| THE REYNOLDS AND REYNOLDS COMPANY and REYNOLDS AND REYNOLDS HOLDINGS, INC., | : : : : : | **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR LITIGATION AND SETTLEMENTS BETWEEN THE** |
| Defendants. | : | **PARTIES** |

Defendants anticipate that Performance will seek to introduce evidence of prior litigation and settlements between the parties. Prior lawsuits were filed among Reynolds, Performance and related parties in 1994 and 1998. The parties entered into a settlement agreement that resolved the 1994 litigation. Then, in February 1999, Reynolds, Performance, and related parties entered into a new settlement agreement. This second settlement agreement resolved the 1998 litigation and included releases by all parties on all claims known or unknown existing at that time.

Performance filed this case in October 2003. The Complaint contains no allegations concerning the February 1999 settlement agreement or the prior litigation. In short, the instant lawsuit is not related to the prior litigation and the February 1999 settlement agreement prevents any claims based on all claims known or unknown existing at that time.

I.   **Evidence Regarding The Prior Litigation and Settlement Agreements Must Be Excluded Because It Is Irrelevant.**

Federal Rule of Evidence 401 states that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *FRE 401*. Irrelevant evidence must be excluded. *FRE 402*. District courts have "broad discretion to determine matters of relevance." *Lee v. Robins Preston Beckett Taylor & Gugle Co, L.P.A.,* 1999 U.S. Dist. Lexis 12969, *13 (S.D. Ohio July 9, 1999)[1] (*quoting Black v. Ryder*, 15 F.3d 573, 587 (6th Cir. 1994)); *United States v. Johnson*, 282 F. Supp. 2d 808, 812 (W.D. Tenn. 2003). In *Lee*, plaintiff brought a lawsuit under the Fair Debt Collection Practices Act (FDCPA). Plaintiff had brought similar FDCPA suits against other defendants prior to this case. The court granted plaintiff's motion *in limine* to exclude evidence of prior lawsuits she brought based unfair debt collection practices because it was not relevant to any issue in the case. The court specifically rejected defendants' contentions that evidence of prior litigation should be admitted to show plaintiff's state of mind, habit or practice. *Id*. at *14-15. Rather, plaintiff's motion *in limine* to exclude evidence of her prior litigation was granted because such evidence was irrelevant. *Id*.

Here, also, evidence regarding the prior litigation and settlement agreements is irrelevant because it does not make any fact of consequence more probable or less probable. The instant litigation involves different issues than the issues in the prior litigation. Performance does not mention the prior litigation or settlement agreements in its Amended Complaint. This makes sense because all disputes between the parties that

---

[1] Case attached hereto as Exhibit A.

existed at the time of the February 1999 settlement agreement were resolved and released in that settlement agreement. Performance's claims here are independent of the claims asserted and damages claimed in the prior litigation that were resolved and released in February 1999. Therefore, evidence concerning the prior litigation and settlements must be excluded because it is irrelevant.

II. **Evidence Regarding The Prior Litigation and Settlement Agreements Must Be Excluded Because Any Probative Value Is Substantially Outweighed By Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, And Waste of Time.**

Even if the Court were to find some modicum of relevancy, the prior litigation and settlements should be excluded because any relevancy is substantially outweighed by the risks of unfair prejudice, confusion of the issues, misleading the jury and waste of time. *See FRE 403*. Furthermore, courts should exclude evidence that has an "undue tendency to suggest a decision on an improper basis." Fed. R. Evid. 403 Advs. Comm. Notes. Case law shows that excluding evidence of prior litigation and settlement agreements is appropriate under Rule 403. *Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc.*, 26 F. Supp. 2d 1029, 1034 (M.D. Tenn. 1998) (evidence of prior litigation excluded because "probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury"); *Breeden v. ABF Freight Systems, Inc.,* 115 F.3d 749, 754 (10th Cir. 1997) (affirming trial court's exclusion of evidence of settlement agreement because prejudicial effect "would far outweigh the probative value"); *see also Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*, 555 F. Supp. 824 (D. Md. 1983) (consent decree in prior antitrust lawsuit excluded because any probative value was outweighed by unfair prejudice).

3

Similarly, evidence regarding prior litigation and settlement agreements between the parties here must be excluded under FRE 403. The antitrust and patent issues are complicated enough without injecting evidence of prior litigation that was resolved by the parties more than four years before the instant suit was filed. Not only does it mislead the jury, confuse the issues and waste time, such evidence unfairly prejudices the defendants. Therefore, all evidence of the prior litigation and settlement agreements between the parties must excluded under FRE 403.

### III. Conclusion

Defendants respectfully submit that, for the forgoing reasons, all evidence of prior litigation and settlements between the parties should be excluded because it is inadmissible under Federal Rules of Evidence 401, 402, and 403.

Respectfully submitted,

/s/ Susan Grogan Faller
M. Clark Spoden
FROST BROWN TODD LLC
424 Church Street, Suite 1600
Nashville, Tennessee 37219
(615) 251-5550

Susan Grogan Faller
Matthew C. Blickensderfer
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800
Attorneys for the Defendants

4

OF COUNSEL:

Jeffrey L. Snow
Robert Smith
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

## CERTIFICATION OF SERVICE

      I hereby certify that, on July 11, 2005, I electronically filed this Memorandum in Support of the Motion *in Limine* to Exclude Evidence of Prior Litigation and Settlements Between the Parties using the CM/ECF system, which will send notification of this filing to counsel of record.

                                           /s/ Matthew C. Blickensderfer

CinLibrary 0073604.0519583  1522596v.2